UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONNIE JEAN STILLWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-00971-TWP-TAB |
| ) | |
| CAROLYN W. COLVIN, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PETITIONER CHARLES D. HANKEY
MOTION FOR ATTORNEY'S FEES**

This matter is before the Court on a Petition for Attorney Fee (Filing No. 18) filed by Charles D. Hankey ("Mr. Hankey"), attorney for Plaintiff Connie Jean Stillwell ("Ms. Stillwell"). Following a favorable decision on remand, the Administrative Law Judge ("ALJ") awarded disability benefits to Ms. Stillwell. Mr. Hankey seeks an award of $9,773.75, of which $6,000.00 was already paid, for a remainder of $3,773.75 in attorney's fees pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). For the following reasons, the Court **DENIES** Mr. Hankey's Motion.

### I. BACKGROUND

Mr. Hankey represented Ms. Stillwell on contingency in an action before this Court for judicial review of the Commissioner of the Social Security Administration's (the "Commissioner") unfavorable decision. Before he filed an Answer to the Complaint, the Commissioner filed a Motion for Remand to the Commissioner under § 205(g) of the Social Security Act, 42 U.S.C. 405(g). (Filing No. 16.) In attempting to prepare the record in this case, the Social Security Administration's Office of Disability Adjudication and Review discovered that significant

portions of the recording of Ms. Stillwell's administrative hearing before the ALJ were inaudible. Because the record could not be completed, the Commissioner requested a remand. On December 16, 2011, the Court granted the Motion and the case was remanded for further administrative proceedings and *de novo* hearing, without the need for any briefing in the district court. (Filing No. 17.) On December 21, 2012, the ALJ issued a favorable decision for Ms. Stillwell, thereby awarding benefits.

Mr. Hankey seeks attorney's fees pursuant to 42 U.S.C. § 406(b)(1), which permits an award of a reasonable fee for work before the court that does not exceed 25% of past due benefits to which the claimant is entitled by reason of a judgment rendered in favor of the claimant. The total requested fee of $9,773.75 represents 25% of the past due benefits, which was withheld for the direct payment of an attorney fee by the Social Security Administration. Mr. Hankey does not seek an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), for the time that he expended on this matter. Within Mr. Hankey's fee agreement with Ms. Stillwell, it states in relevant part:

> We agree that if my claim(s) is/are not approved at any stage through the first hearing level, and further work is undertaken such as an appeal to the Appeals Council or an appeal to federal court, my representative has the right and option to file a fee petition seeking a fee greater than $6,000, which is the current amount but may be increased by the Commissioner of Social Security, but not more than 25% of the past due benefits.

(Filing No. 18-3). Mr. Hankey has already received payment in the amount of $6,000.00 pursuant to a contingent fee agreement with Ms. Stillwell. Mr. Hankey's Petition requests payment for the remainder of $3,773.75 in attorney's fees. Mr. Hankey rendered a total of 5.6 hours in the legal representation of Ms. Stillwell before this Court.

## II.  LEGAL STANDARD

Upon obtaining an award of benefits from the Commissioner, the Plaintiff or the attorney may move for an award of attorney fees pursuant to 42 U.S.C. § 406(b).  Section 406(b) states in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).  "[Section] 406(b) is the exclusive method for paying an attorney who represents a Social Security claimant [on contingency] in federal court for work done before the court."  *Mathews-Sheets v. Astrue*, 2012 U.S. Dist. LEXIS 21193, *13 (S.D. Ind. 2012) (quoting *Murkeldove v. Astrue*, 635 F.3d 784, 789 (5th Cir. 2011)).  "If the court awards fees under both the Social Security Act and the Equal Access to Justice Act, as it is allowed to do, only the larger of the two awards may be collected."  *McGuire v. Sullivan*, 873 F.2d 974, 977 n. 1 (7th Cir. 1989).

A court must ensure that any § 406(b) request is consistent with the contingent-fee agreement between the claimant and his or her attorney, and that the request is within the statutory maximum of 25% of past-due benefits.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  However, the examination does not end there.  The attorney that is requesting the fee award must also prove that the fee is reasonable.  *Id*.

> To determine a reasonable fee, the court must consider the type of services performed, the complexity of the case, the attorney's competence, the amount of time expended, the results achieved, the level of review to which the claim was taken and the amount of fee requested by the attorney under 20 C.F.R. § 404.1725(b).

*Jack v. Brown*, 671 F. Supp. 1211, 1211 (S.D. Ind. 1987).  "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is…in order."  *Barnhart*,

535 U.S. at 808. The attorney should not receive a "windfall" even if that fee is within the statutory maximum. *Id.* (citing *Rodriguez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)).

### III. DISCUSSION

The issue before the Court is whether Mr. Hankey should be entitled to the balance of the 25% past-due benefits that were withheld by the Social Security Administration for the direct payment of an attorney's fee. The Commissioner argues that Mr. Hankey is not entitled to the remainder of the fee based upon a percentage of the past-due benefits. The Commissioner states that awarding Mr. Hankey the remaining amount would result in a windfall, because the case was remanded on the Commissioner's motion, not the claimant's. (Filing No. 23.) The Commissioner reasons that Mr. Hankey only rendered 5.6 hours of legal services in this case and therefore if awarded the remaining $3,773.75, his hourly rate would be $673.00 per hour, which is an unreasonable fee amount for work that is mostly clerical in nature.

The Court must look to the reasonableness of the contingency fee to determine if the remaining amount of $3,773.75 should be awarded to Mr. Hankey. In so reviewing, the Court finds that Mr. Hankey's petition is unreasonable under the circumstances. The fee agreement between Ms. Stillwell and Mr. Hankey establishes that Ms. Stillwell agreed that Mr. Hankey may seek fees for up to 25% of all past due benefits should the claim progress and be reviewed by the Court. However, Mr. Hankey only rendered 5.6 hours of service to Ms. Stillwell consisting of tasks that were primarily clerical in nature. Mr. Hankey entered her information into the computer system, organized files, reviewed the file, and interviewed Ms. Stillwell regarding her case. It appears that Ms. Still filed her Complaint *pro se*. Mr. Hankey also filed an appearance and with the federal court electronically, and received and reviewed some routine motions and orders. (Filing No. 18-2.) Mr. Hankey has been well compensated by the $6,000.00 already received. At

4

no time did Mr. Hankey file any briefing for the appeal or conduct any research, which is the bulk of appellate work. Reviewing the reasonableness of the remaining amount of $3,773.75, this Court deems this request unreasonable.

## IV.   CONCLUSION

For the reasons set forth above, Mr. Hankey's Motion for Attorney Fee Pursuant to §206(b)(1) (Filing No. 18), in the amount of $3,773.75, under 42 U.S.C. § 406(b) is **DENIED**.

**SO ORDERED**.

Date: 6/26/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana


DISTRIBUTION:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov